McCAULL-WEBSTER ELEVATOR COMPANY, a Corporation, Respondent, v. A. G. STILES, Frances Stiles, and Maud E. Stine, Appellants.

(169 N. W. 577.)

**Mechanic's lien — foreclosure — action for — judgment — supported by facts.**

This is an action for the foreclosure of a mechanic's lien. The facts stated in the opinion show that the judgment in favor of plaintiff is clearly right and it is affirmed.

Opinion filed June 1, 1918. Rehearing denied November 30, 1918.

Appeal from the District Court of Hettinger County, Honorable W. C. Crawford, Judge.

Defendants appeal.

Affirmed.

*Charles Simon,* for appellants.

Plaintiff did not keep an itemized account of the materials it furnished, separate and apart from all other items of account against the purchaser, as by law provided, and therefore it had no valid lien. Comp. Laws 1913, §§ 6814, 6815; Larkins v. Blaken, 42 Conn. 204; Talbott v. Goddard, 79 Am. Dec. 277, note.

A mechanic's lien will not attach to the interest of a vendor upon an executory contract of sale, whose vendee is in possession and makes improvements by erecting buildings on the real estate covered by such executory contract. Johnson v. Soliday, 19 N. D. 463.

*Thomas H. Pugh* and *Otto Thress,* for respondent.

"The inclusion in a lien claim of items for which the law does not in any event give a lien will not affect the validity thereof as to the lienable items, in the absence of fraud or bad faith, if the lienable items may be segregated upon inspection of the account and the lienor is justified in believing himself entitled to the whole amount." Note in 29 L.R.A. (N.S.) 314.

A liberal rule for the construction of mechanic's lien statutes has been adopted in this state. Turner v. St. John, 8 N. D. 245, 78 N. W. 340; Salzer Lumber Co. v. Clafline, 16 N. D. 601, 113 N. W. 1036; Robert-

son Lumber Co. v. Clark, 24 N. D. 134, 138 N. W. 984; Note in 29 L.R.A.(N.S.) 306; Westside Lumber Co. v. Herald (Or.) 128 Pac. 1006, Ann. Cas. 1914D, 876.

The consent of defendants to the delivery of the materials is shown by the writing itself signed by them. The presumption is that it was properly dated, and that the usual course of such business was followed, and that the plaintiff's manager knew the law and that he followed it.

ROBINSON, J. On January 10, 1914, Stiles and wife made a duplicate written contract with the plaintiff to furnish lumber and material to erect buildings and improvements on a quarter section of land owned by them. (Southwest 13–135–97.) In said contract it was agreed that a mechanic's lien be filed as security for the price of such material. Material was furnished to the amount of $1,342.30 between June 15 and November 27, 1914. Stiles and wife appeal from a judgment in favor of the plaintiff.

The defense is purely technical. It has no merit. It is said: No consent was given that a lien might be filed; no demand for payment was made before filing the lien; no written notice was served of an intention to foreclose the lien. They made a settlement with the plaintiff on account of the price of such material and gave the plaintiff their promissory note for $1,526.45. They pray that plaintiff take nothing by this action except a money judgment for $1,526.45 and interest at 8 per cent from December 8, 1914, and that the mechanic's lien be canceled.

This action was commenced in April, 1915. The judgment was given March 10, 1917. The appeal was taken August 30, 1917, and filed in this court February 23, 1918, so the case has been worked for delay doubtless with the hope that defendant may secure a good crop and pay the lien. Maude Stine is a sister of Mrs. Stiles and her answer is that she owns the land. Charles Simon is the attorney for her and the other defendants and he verifies the answers of each. Now if she owns the land then the others do not own it, and they have no reason to defend against the lien. The deed to her includes the west three fourths of said section 13. The title of the land was in the name of Frances Stiles and just before the building of the house she deeded the land to her sister Maude for an express consideration of $9,600. Maude

does not appeal from the judgment because the deed to her is a manifest sham. The testimony given to sustain and bolster up the deed does tend strongly to impeach all the defendants and to show them parties to a dishonest deal. First they make a sham deed of the land to the sister; then they go and contract for material to construct buildings on the land, and in writing certify that the contract is executed in duplicate and one copy retained by them. That notice has been given that a mechanic's lien may be filed for material furnished under the contract and "I hereby consent that such lien may be filed as security for materials furnished me for the character of improvements above indicated. Signed. A. G. Stiles, Frances Stiles."

The note for the material was duly made by Mr. and Mrs. Stiles. There is no claim that it was not past due when the suit was brought or that it was for an excessive amount. There is no claim of fraud or mistake. When the note became due it was the duty of the makers to pay it without waiting for any demand. The statute providing for notice before suit contemplates an open account on which a party should not be put to the expense of a suit without a demand for payment, but even if it were an open account, the failure to make a demand would only defeat the right to recover costs up to the time of the answer. An answer showing a failure to demand payment is futile when it shows that the demand would have been futile. The law does not require idle acts. The findings of fact and the conclusions of law as made by the trial court are clearly right.

Judgment affirmed.

GRACE, J. I concur in the result.